NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRISTOPHER MORRIS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 03-1001 (AET) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| ATTORNEY GENERAL PETER | : | |
| VERNIERO, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter is before the Court on Plaintiff Christopher Morris's Appeal from Magistrate

Judge Bongiovanni's December 6, 2007 Order ("December Order") granting Deputy Attorney

General Paul Heinzel's Motion to Quash Plaintiff's Subpoena, and Heinzel's Cross-Appeal from

Magistrate Judge Bongiovanni's August 23, 2007 Order ("August Order") denying his earlier

Motion to Quash Plaintiff's Subpoena on the ground that the work product doctrine did not

apply.[1]  The Court has decided these appeals pursuant to Fed. R. Civ. P. 72(a) and Local Civil

Rule 72.1(c), and upon the submissions of the parties, without oral argument, pursuant to Fed. R.

---

[1]      Although the 10-day period of time to appeal Judge Bongiovanni's August 23, 2007 Order has expired, the Court notes that the August Order permits Defendant Heinzel to submit an "informal revised motion."  Because the final determination disposing of all of the issues raised by the motion was not rendered until Judge Bongiovanni's December 6, 2007 Order, the Court will relax the time requirement and consider Heinzel's Cross-Appeal.  See L. Civ. R. 83.2(b).

1

Civ. P. 78.  For the reasons stated below, Plaintiff's Appeal is denied, and Heinzel's Cross-

Appeal is denied as moot.

BACKGROUND

Plaintiff filed this civil rights action against Defendants Peter Verniero, Paul Zoubek,

New Jersey State Troopers Glynn Moore and Marc Stephens, and New Jersey State Police

Superintendent Colonel Carl A. Williams,[2] alleging malicious prosecution in violation of 42

U.S.C. § 1983.

In 1997, Plaintiff was arrested after being stopped by Defendants Moore and Stephens on

the New Jersey Turnpike.  Plaintiff alleges that the New Jersey State Police allegedly planted

drugs on Plaintiff during this traffic stop.  However, the charges were later dismissed.  Plaintiff's

arrest and criminal prosecution came at a time when the New Jersey State Police was under

investigation by the United States Department of Justice ("DOJ") for using racial profiling tactics

in making traffic stops.  In 1999, the New Jersey Attorney General's Office ("AG") entered into a

consent decree with the DOJ, in which the former agreed to remediate its law enforcement

techniques in order to avoid racial profiling.  Following entry of the consent order, the AG

conducted an evaluation of pending criminal cases in which defenses of racial profiling were

raised, and ultimately moved to dismiss Plaintiff's criminal case, along with 72 similar cases in

pre-trial phases.  The AG has not indicated whether racial profiling did in fact play a role in the

arrest and prosecution of Plaintiff.

In November 2006, Plaintiff served a subpoena *duces tecum* on Paul Heinzel, a Deputy

---

[2]        Plaintiff named additional Defendants who have since been dismissed from the
case.  Additionally, Defendant Verniero was formerly Attorney General of New Jersey, while
Defendant Zoubek was First Assistant Attorney General.

Attorney General not named as a defendant in this action, seeking "[a]ny and all records, correspondence, files, and Memorandums, handwritten notes, and records relating to the information and criteria used that resulted in dismissal of the criminal charges of [Plaintiff]." (Pl.'s Appeal, Ex. B.)  The subpoena also sought Heinzel's testimony.  (Id.)  Heinzel produced approximately sixty-five (65) documents responsive to Plaintiff's request, but withheld three documents: (1) an outline of a presentation to Defendant Verniero prepared in December 2002; (2) a January 21, 2001 Memorandum to Defendant Verniero analyzing Plaintiff's and others' cases, and recommending actions to be taken; and (3) a January 30, 2001 Memorandum to Defendant Verniero analyzing the implications of a recent court opinion for these cases.

In his motion to quash the subpoena, Heinzel contended that the deliberative process privilege and work product privilege applied to these three documents, as well as his testimony. In her August 23, 2007 Order, Judge Bongiovanni denied Heinzel's motion with respect to the work product privilege, and found that Heinzel had not made a sufficient showing with respect to the deliberative process privilege.  Specifically, the Magistrate Judge found that a certification submitted by Assistant Attorney General Gregory Paw did not satisfy the procedural requirements for asserting the deliberative process privilege.  However, Judge Bongiovanni granted Heinzel leave to submit a revised certification and a revised informal motion, which Heinzel did.  Heinzel's revised motion to quash only asserted protection of the documents under the deliberative process privilege, and on December 6, 2007, Judge Bongiovanni issued an order granting Heinzel's motion on this ground.

Plaintiff filed this appeal of Judge Bongiovanni's December 2007 Order, while Heinzel followed with a cross-appeal of the August 2007 Order.

3

The Court briefly summarizes the relevant findings of fact in each order.

A.    August 2007 Order

In her August 2007 Order, Judge Bongiovanni made the following findings of fact before

concluding that the documents were not entitled to protection under the work product privilege:

> [T]he Court finding that the instant matter is similar to that presented in [Wong v.
> Thomas, 238 F.R.D. 548 (D.N.J. 2007)] and [Hernandez v. Longini, 1997 U.S. Dist.
> LEXIS 18679 (N.D. Ill. 1997)]; and the Court further finding that there is no danger
> that Plaintiff will raid Heinzel's file because the previous case was criminal and the
> present case is civil; and the Court finding that the information sought by Plaintiff
> was from a prior criminal investigation; and the Court further finding that there is no
> risk of jeopardizing an ongoing criminal investigation as the relevant charges were
> dismissed; and the Court further finding that non[e] of the defendants in this matter
> were parties to the criminal prosecution; and . . . therefore the Court finding that the
> Documents are not protected by the work product privilege . . . .

August 2007 Order at 2-3 (internal citations omitted).

B.    December 2007 Order

Judge Bongiovanni made the following findings of fact in holding that Heinzel was

entitled to assert the deliberative process privilege:

> [T]he Court finding that Paw does indeed serve as the head of the department which
> has control over the matter; and the Court further finding that Paw's September 5,
> 2007 declaration formally claims the privilege for the Documents after actual
> consideration of them by Paw; . . . and the Court further finding that Paw in his
> declaration provided precise and certain reasons for asserting the confidentiality over
> the Documents . . .; and the Court further finding that the Documents have been
> adequately identified and described . . . and the Court further finding that while the
> public certainly is entitled to transparent government, It is equally certain that the
> activities of several officials batting around legal theories for the purpose of
> improving governance have no place in a fishbowl; and the Court further finding that
> were these types of documents made available in every litigation, self analysis of
> government entities would be chilled . . . .

December 6, 2007 Order at 2-3.

The court applied a balancing test to determine whether disclosure was warranted despite

4

assertion of the deliberative process privilege.  The court's balancing test favored Heinzel, and found the deliberative process to have been properly invoked.  (Id. at 3.)

APPLICABLE LAW

A.    Standard of Review for Appeal of a Magistrate Judge Decision

Upon review of a magistrate judge's order on pre-trial, non-dispositive motions, a district court applies a clearly erroneous standard of review.  28 U.S.C. § 636(b)(1)(A); see also United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 n.2 (3d Cir. 1987).  Under this standard, the district court affirms a magistrate judge's ruling unless "the order is found to be clearly erroneous or contrary to law."  Cataldo v. Moses, 361 F. Supp. 2d 420, 424 (D.N.J. 2004) (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1111, 1113 (3d Cir. 1986)).  A magistrate judge's ruling on discovery matters is considered a non-dispositive motion.  Cataldo, 361 F. Supp. 2d at 423.  The party filing the appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).  A magistrate judge's ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Cataldo, 361 F. Supp. 2d at 424.  A magistrate judge's order is contrary to law when it has "misinterpreted or misapplied applicable law."  Id.

B.    Deliberative Process Privilege

Under New Jersey law, the deliberative process privilege is a doctrine that can be invoked by the government in order "to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental

5

decisions and policies are formulated." I/M/O Liquidation of Integrity Ins. Co., 754 A.2d 1177, 1181-82 (N.J. 2000).

The party seeking to assert the deliberative process privilege must satisfy three procedural requirements: (1) a formal claim of privilege by the head of the department which has control over the matter, asserted after actual consideration by that officer; (2) precise and certain reasons for asserting confidentiality over the government information or documents by the responsible agency official; and (3) identification and description of the government information or documents sought to be protected. United States v. Ernstoff, 183 F.R.D. 148, 152 (D.N.J. 1998).

Once these procedural requirements have been satisfied, the court must then determine whether a *prima facie* case for assertion of the privilege has been made. Id. In order for the deliberative process privilege to apply, a document must be (1) predecisional, meaning that it must have been generated before adoption of an agency's policy or decision; and (2) deliberative in nature, meaning that it contains opinions, recommendations, or advice about agency policies. Integrity, 754 A.2d at 1182. Materials reflecting "the personal opinion of the writer, rather than the policy of the agency, are also privileged because they are considered predecisional." Ernstoff, 183 F.R.D. at 152 (internal citation and quotations omitted). However, factual materials are not entitled to the privilege. Id.

Assuming the proponent has been able to satisfy his burden procedurally and substantively with respect to the privilege, the court must apply a balancing test that "weighs the benefit of preserving the integrity of internal governmental deliberations against the need for free and open discovery." Id. The court must consider "(1) the interests of the private litigant; (2) the need for accurate judicial fact-finding; (3) the public's interest in learning how effectively the

6

government is operating; (4) the relevance of the evidence sought; (5) the availability of other evidence; (6) the role of the government in the litigations and issues involved; and (7) the impact on the effectiveness of government employees." Id. A document to which the privilege applies may be disclosed nonetheless after a court balances these factors.

C.    Work Product Privilege

The work product privilege was "designed to prevent attorneys from using the discovery process to unjustly benefit from the work of their opponents." Wong v. Thomas, 238 F.R.D. 548, 551 (D.N.J. 2007) (citing Carter v. City of Phila., 97 Civ. 4499, 2000 U.S. Dist. LEXIS 6658, at *3 (E.D. Pa. 2000)). "Courts have expressly found the privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil suit." Wong, 238 F.R.D. at 551. Courts have also declined to apply the privilege in a civil lawsuit that flows from a criminal case because "the danger of a less diligent attorney raiding the file of a previously diligent attorney" is lessened, and particularly where "there is no risk of jeopardizing a criminal investigation that is ongoing." Id. (internal citations and quotations omitted).

DISCUSSION

A.    December 2007 Order

Plaintiff argues that the December 2007 Order failed to address whether, as a substantive matter, the deliberative process privilege applies to the three documents that Defendant Heinzel seeks to withhold. Plaintiff argues that the documents at issue concern not the formulation of policy at the highest levels of government, but instead consist of communications regarding a "routine, discretionary decision" (Pl.'s Appeal Br. at 11), to abandon the prosecution of his

criminal case, and involve the application of existing law against the use of racial profiling in law enforcement tactics to the facts of his criminal case.  Further, Plaintiff argues that he is entitled to discovery of the documents because they shed light on the government's intent in both prosecuting and dismissing his case, and, therefore, are relevant to his malicious prosecution claim against Defendants.  Plaintiff also contends that the revised Certification submitted by Assistant Attorney General Paw did not correct the deficiencies identified by the August 23, 2007 Order.  Defendant Heinzel argues that the Plaintiff has not satisfied his burden of showing that the December 2007 Order was clearly erroneous or contrary to law.

The December 2007 Order makes findings of fact with respect to whether Defendant Heinzel satisfied the procedural requirements necessary to assert the deliberative process privilege.  Contrary to Plaintiff's assertions, however, the Magistrate Judge made factual findings regarding the applicability of the deliberative process privilege to the documents.  The Magistrate Judge found that documents memorializing "the activities of several officials batting around legal theories" were not subject to disclosure.  These documents do not consist merely of the legal analysis and advice rendered by a Deputy Assistant Attorney General to the Attorney General in an ordinary, routine criminal prosecution.  Notably, that kind of legal advice is typically protected as work product.  Instead, the analysis and advice contained in these documents reflect high-level government advice and policymaking on a highly charged, well-publicized, and thoroughly scrutinized issue.  Indeed, the existence or not of racial profiling by the New Jersey State Police was one of the most hotly debated, controversial issues of the day.  Plaintiff's case was one of seventy-seven cases considered, analyzed, lumped as a group, and ultimately dismissed pursuant to an internal assessment of the government's interests and resources in

pursuing the prosecutions.  A thoughtful assessment of all of the above concludes that the Magistrate Judge's finding is not clearly erroneous.  Therefore, the Court affirms the challenged December 2007 Order of the Magistrate Judge.

B.      August 2007 Order

Having affirmed the December 2007 Order, the Court does not find it necessary to decide Heinzel's Cross-Appeal.  Therefore, the Court will deny it as moot.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 26th day of March, 2008,

ORDERED that the Plaintiff Christopher Morris's Appeal of the December 6, 2007 Order of the Magistrate Judge [81] is DENIED; and it is further

ORDERED that the December 6, 2007 Order of the Magistrate Judge is AFFIRMED; and it is further

ORDERED that Deputy Attorney General Paul Heinzel's Cross-Appeal of the August 23, 2007 Order of the Magistrate Judge [86] is DENIED as moot.

        s/ Anne E. Thompson
        ANNE E. THOMPSON, U.S.D.J.