NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER MORRIS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 03-1001 (AET) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| ATTORNEY GENERAL PETER VERNIERO, et al., | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter is before the Court on Defendants Peter Verniero, Paul Zoubek, Col. Carl A. Williams, Trooper Glynn Moore, and Trooper Marc Stephens's (collectively, "Defendants") Motion for Summary Judgment. The Court has decided this Motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78.[1] For the reasons stated below, Defendants' Motion is denied.

BACKGROUND

A.   Factual Background

On June 1 1997, Plaintiff, an African-American male, was stopped by Defendants Moore and Stephens on the New Jersey Turnpike. After the Troopers found cocaine on Plaintiff's

---

[1] Plaintiff filed a Sur-Reply to Defendants' Reply brief. However, because Plaintiff did not seek leave from the Court before filing his Sur-Reply, as he was required to do pursuant to Local Civ. R. 7.1(d)(6), the Court will strike the Sur-Reply and declines to consider it.

person, Plaintiff was arrested. (Connell Cert., Ex. 8 (June 1, 1997 NJSP Investigation Report.)) Plaintiff alleges that Defendants Moore and Stephens planted the cocaine on Plaintiff during this traffic stop, and that he was stopped on the basis of unlawful racial profiling by the Troopers, who are African-American. Plaintiff's arrest and criminal prosecution came at a time when the New Jersey State Police was under scrutiny for using racial profiling tactics in making traffic stops. In 1999, the New Jersey Attorney General's Office ("AG") issued an interim report following an investigation into the racial profiling allegations, in which the AG concluded that the NJSP did not have an official policy of racial profiling, but acknowledged that minority motorists may have been treated differently during traffic stops as a result of "*de facto* discrimination by officers who may be influenced by stereotypes." (Connell Cert., Ex. 20 (Interim Report, 3-4, 7.)) The AG later moved to dismiss Plaintiff's criminal case, along with 76 other cases in pre-trial phases. In its motion to dismiss and press statements issued in connection with its action, the AG did not indicate whether racial profiling did in fact play a role in the arrest and prosecution of Plaintiff. (Connell Cert., Ex. 28 (Feb. 2, 2001 Announcement by Attorney General Farmer.)) The criminal charges against Plaintiff were dismissed on March 23, 2001.

B.   Procedural History

On March 7, 2003, Plaintiff filed this civil rights action against several defendants, including Troopers Moore and Stephens, and later amended his Complaint to name Defendants Peter Verniero, Paul Zoubek, and New Jersey State Police Superintendent Colonel Carl A. Williams.[2] Plaintiff's Complaint alleges: (1) malicious prosecution in violation of 42 U.S.C. §

---

[2]   Plaintiff's original Complaint named additional Defendants who have since been dismissed from the case. Additionally, Defendant Verniero was formerly Attorney General of New Jersey, while Defendant Zoubek was First Assistant Attorney General.

1983 against Defendants Moore and Stephens; (2) conspiracy by Defendants to violate Plaintiff's civil rights under 42 U.S.C. § 1985; (3) adoption and maintenance of a pattern, policy, custom, and practice of racial profiling in violation of 42 U.S.C. §§ 1983 and 1988; and (4) racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983.

The Court granted a Motion to Dismiss by three Defendants, after finding that Plaintiff had not alleged any personal involvement by those Defendants in his claims.[3] (Sept. 5, 2003 Mem. and Order, 4.) On October 2, 2003, Plaintiff brought an amended Complaint. On May 18, 2004, the Court denied a second Motion to Dismiss by all Defendants on several grounds, including Defendants' statute of limitations defense. In rejecting the statute of limitations ground with respect to Counts II - IV of the Complaint, the Court stated:

> Similarly, the Court declines to dismiss Counts II - IV on statute of limitations grounds. As stated in this Court's September 5, 2003 Opinion, Plaintiff cannot maintain or recover on these claims to the extent they are based on his 1997 arrest. However, because Counts II - IV also derive from Plaintiff's malicious prosecution claim, the Court will allow the claims to proceed at this time.

(May 18, 2004 Mem. and Order 4.)

Discovery in this matter is nearly complete, and Defendants move for summary judgment on the ground that the statute of limitations has expired on Plaintiff's claims, and Plaintiff's claims are not timely.

## APPLICABLE LAW

A.  Standard of Review

Summary judgment is appropriate if, on the record, "there is no genuine issue as to any

---

[3] Defendants Moore and Stephens, named in Plaintiff's first Complaint, had not yet been served at the time of the first Motion to Dismiss.

material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and construes all facts and inferences in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); see also Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). To survive a motion for summary judgment, a plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

B.   Statute Of Limitations For § 1983 Malicious Prosecution Claim

For actions under 42 U.S.C. § 1983, the Court applies the statute of limitations for personal injury actions of the state where the cause of action has accrued. Wilson v. Garcia, 471 U.S. 261, 279-80 (1985); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) (applying New Jersey's statute of limitations for personal injury actions to § 1983 actions). In New Jersey, the statute of limitations governing personal injury actions is two years. N.J. Stat. Ann. § 2A:14-2. The statute of limitations on a malicious prosecution claim "does not begin to run until the underlying criminal proceedings are terminated in the plaintiff's favor." Rose v. Bartle, 871 F.2d 331, 348-49 (3d Cir. 1989).

DISCUSSION

Defendants argue that Plaintiff's claims are time-barred, arguing that his causes of action began to accrue at the time he was stopped, searched, and arrested on June 1, 1997. Therefore, under the two-year statute of limitations applicable to § 1983 actions, Defendants contend that

Plaintiffs should have filed his Complaint on or before June 1, 1999, and that the Supreme Court's recent decision in Wallace v. Kato, 127 S. Ct. 1091 (U.S. Feb. 20, 2007), precludes any tolling of the statute of limitations. Plaintiff argues that Wallace is inapposite, as it relates specifically only to the accrual of false arrest and false imprisonment claims under § 1983, and that the statute of limitations on his claims began to run from the date that his criminal charges were administratively dismissed. Further, Plaintiff argues that, under the law of the case doctrine, which "expresses the practice of courts generally to refuse to reopen what has been decided," Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), Defendants are precluded from moving for summary judgment on statute of limitations grounds because the Court has already decided the issue on Defendants' Motions to Dismiss.

The Court finds that Defendants' reliance on Wallace is missplaced. The Wallace court addressed the issue of when the statute of limitations for false arrest and false imprisonment actions under § 1983 begin to run, holding that these causes of action begin to accrue from the time a putative defendant is subject to legal process, either by being "bound over by a magistrate or arraigned on charges." 127 S. Ct. at 1096. Further, the Supreme Court held that the accrual of these causes of actions is not deferred to the conclusion of any subsequent criminal prosecution or reversal of conviction. Id. at 1097-99. The Wallace holding is limited to false arrest and false imprisonment claims brought pursuant to § 1983. Id. at 1094 n.1 ("We expressly limited our grant of certiorari to the Fourth Amendment false-arrest claim.") (emphasis omitted); id. at 1096 n.2 (noting that petitioner did not bring a malicious prosecution claim in his complaint).

Here, Plaintiff's claims are for malicious prosecution, for conspiracy, a pattern, policy, or custom of racial profiling, and racial discrimination, in connection with his criminal prosecution.

In its May 18, 2004 opinion on Defendants' Motion to Dismiss, the Court limited the scope of Plaintiff's second, third, and fourth claims to those deriving from Plaintiff's malicious prosecution claim. As to Plaintiff's malicious prosecution claim, the Court finds that Plaintiff's criminal case was administratively dismissed on March 23, 2001. Thus, the two-year statute of limitations expired on March 23, 2003. Plaintiff's first Complaint was filed on March 7, 2003. Therefore, Plaintiff's Complaint was timely filed, and the Court denies Defendants' Motion.[4]

In their Reply Brief, Defendants have raised a number of additional arguments, including that (1) the chain of causation between the 1997 stop and arrest of Plaintiff by Defendants Moore and Stephens and Plaintiff's subsequent prosecution was broken by the intervening acts of prosecutor, grand jury, and judge presiding over Plaintiff's criminal case; (2) probable cause for Plaintiff's prosecution existed; (3) the administrative dismissal of Plaintiff's criminal charges does not constitute a termination of the criminal proceedings in Plaintiff's favor, an element of a malicious prosecution claim; and (4) there is no probative evidence of conspiracy, selective enforcement, or racial animus with respect to Plaintiff's criminal prosecution. (Defs.' Reply Br. 7-10.) These arguments implicate substantive merits of Plaintiff's claims, rather than the statute of limitations grounds on which Defendants' Motion for Summary Judgment was brought, and are raised for the first time in the reply brief. Accordingly, the Court will not address these arguments at this time. Bayer AG v. Schein Pharmaceutical, Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (noting that reply briefs should only respond to respondent's arguments "because

---

[4] The parties appear to agree that, for the purposes of a statute of limitations analysis, the operative date of when Plaintiff's Complaint was filed was March 7, 2003. Plaintiff's Amended Complaint, which was filed on October 2, 2003 with leave of the Court to substitute certain Defendants, relates back to the date of the original Complaint. Fed. R. Civ. P. 15(c)(1)(C).

the local rules do not permit sur-reply brief [and] a party opposing summary judgment has no opportunity to respond to newly minted arguments contained in reply briefs.").

The Court notes that, in limiting Defendants to 45 pages in order to brief this Motion, it granted leave to Defendants to file a subsequent motion for summary judgment in order to raise additional defenses. If Defendants choose, they may bring a second motion for summary judgment.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 18th day of April, 2008,

ORDERED that the Defendants Peter Verniero, Paul Zoubek, Col. Carl A. Williams, Trooper Glynn Moore, and Trooper Marc Stephens's Motion for Summary Judgment [97] is DENIED; and it is further

ORDERED that Defendants may file a second motion for summary judgment, if any, no later than May 20, 2008.

                                                        s/ Anne E. Thompson
                                                        ANNE E. THOMPSON, U.S.D.J.